Santacruz v. Lynch
DHS
Mulligan, IJ
A074 764 264

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand sixteen.

PRESENT:
          JOHN M. WALKER, JR.,
          REENA RAGGI,
          SUSAN L. CARNEY,
               *Circuit Judges.*

_____

CRISTIAN MAURICIO SANTACRUZ, AKA
CRISTIAN SANTACRUZ,
          *Petitioner,*

          v.                                        **14-4421**
                                                    **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:          Ashish Kapoor, Kapoor Law Firm, PLLC,
                         Garden City, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Ernesto
                         H. Molina, Jr., Assistant Director;
                         Jamie M. Dowd, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of an Immigration Judge's ("IJ") order, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cristian Mauricio Santacruz, a native and citizen of Ecuador, seeks review of the February 6, 2014 reinstated removal order of the Department of Homeland Security ("DHS") and the October 31, 2014 order of the IJ granting him withholding of removal. He argues that the reinstatement of his 2008 removal order, which precluded him from seeking discretionary relief such as asylum, deprived him of due process. We review questions of law and constitutional claims *de novo*. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, "the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). In deciding whether to reinstate a removal order, an immigration

2

officer is required to determine whether the alien is the same person against whom the prior removal order was entered and executed, and whether the alien unlawfully reentered the country. *See* 8 C.F.R. § 241.8(a). Santacruz concedes that he was previously removed pursuant to a removal order and that he subsequently reentered the country unlawfully. Therefore, the reinstatement of his prior removal order was not in error, and his illegal reentry precluded him from seeking discretionary relief such as asylum. *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. §241.8(a), (e); *see also Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010) (explaining that alien subject to reinstatement of removal order is eligible only for withholding of removal).

Santacruz, however, argues that he was entitled to apply for asylum and that the failure to afford him an opportunity to seek such relief violated his right to due process. His argument is foreclosed by *Herrera-Molina v. Holder*, 597 F.3d at 130, 138-40 (rejecting applicant's claims that, despite his illegal reentry and the reinstatement of his prior removal order, he was entitled to apply for asylum, and that § 1231(a)(5) deprived him of due process).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court